```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

BELLSOUTH TELECOMMUNICATIONS, INC.                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:05CV173LN

MISSISSIPPI PUBLIC SERVICE COMMISSION,
DORLOS "BO" ROBINSON, IN HIS OFFICIAL
CAPACITY AS THE CHAIRMAN OF THE PSC,
NIELSON COCHRAN, IN HIS OFFICIAL
CAPACITY AS THE VICE CHAIRMAN OF THE
PSC, AND MICHAEL CALLAHAN, IN HIS
OFFICIAL CAPACITY AS COMMISSIONER OF
THE PSC                                                        DEFENDANTS


NUVOX COMMUNICATIONS, INC., KMC TELECOM
III, LLC, AND KMC TELECOM V, INC., XSPEDIUS
COMMUNICATIONS LLC ON BEHALF OF ITS OPERATING
SUBSIDIARIES XSPEDIUS MANAGEMENT CO. SWITCHED
SERVICES, LLC AND XPEDIUS MANAGEMENT CO. OF
JACKSON,

AND

COMMUNIGROUP OF JACKSON, INC. D/B/A
COMMUNIGROUP

AND

MCIMETRO ACCESS TRANSMISSION SERVICES LLC     DEFENDANT-INTERVENORS

                     MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of plaintiff

BellSouth Telecommunications (BellSouth) for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure

seeking an order declaring unlawful the Mississippi Public Service

Commission's March 9, 2005 order that is the subject of this

action, and permanently enjoining enforcement of that order. Defendant Mississippi Public Service Commission (MPSC) and defendants NuVox Communications and Xspedius Communications LLC, on behalf of its operating subsidiaries, have separately responded in opposition to BellSouth's motion.

Previously in this cause, BellSouth moved for a preliminary injunction asking that the court enjoin the subject March 9, 2005 order entered by the MPSC to the extent that such order allowed BellSouth's competitors to place new UNE-Platform switching orders. Following a hearing, this court issued its April 13, 2005 memorandum opinion and order enjoining the MPSC "from enforcing that part of its order requiring BellSouth to continue to process new orders for UNE-P switching." BellSouth Telecommunications, Inc. v. Mississippi Public Service Com'n, 368 F. Supp. 2d 557 (S.D. Miss. 2005). In its present motion, BellSouth argues that the court's conclusions in granting the preliminary injunction as to switching were correct, and fully support granting BellSouth's motion for summary judgment on its claim for declaratory relief and permanent injunctive relief with respect to the MPSC's order as it relates to orders for UNE-P switching, and by extension, also supports permanent injunctive relief against the Commission's order regarding access to high-capacity loops and transport.

The responses to BellSouth's motions, in large part, merely ask that the court reconsider its ruling, and the reasons given in

support of its ruling granting BellSouth's earlier motion for a preliminary injunction.  The court is not persuaded that its ruling was in error in any respect, or that it failed to fully and sufficiently account for all the arguments that were presented in opposition to BellSouth's motion.  On the contrary, the court, having fully considered all the parties' arguments, is of the opinion that, for the reasons given in the court's prior opinion, and for further reasons set forth in <u>BellSouth Telecommunications v. Cinergy Communications Co.</u>, 2006 WL 695424 (E.D. Ky. Mar. 20, 2006), BellSouth has established its entitlement not only to a preliminary injunction, but also to the requested declaratory and injunctive relief both as to switching and as to loops and transport, with the understanding that BellSouth's request for relief as to loops and transport extends only to circumstances in which a CLEC has not certified that its request for access to UNE loops or transport is consistent with the specific objective criteria established by the FCC for continued unbundling of "dedicated transport and high-capacity loops."[1]  BellSouth

---

[1] There is no question that under the FCC's Order on Remand, availability of unbundled loops and transport is treated differently from switching, the latter being unavailable under all circumstances but the availability of the former being made dependent upon a route and capacity specific impairment analysis "based upon objective and readily ascertainable facts, such as the number of business lines or the number of facilities based competitors in a particular market."  Order on Remand, at ¶ 234.  However, in cases where the CLEC does not certify in good faith that the FCC's objective criteria for access to unbundled loops and transport are satisfied, the transition plan for loops and

expressly acknowledges it has an affirmative duty to provision unbundled loops and transport in cases where a CLEC certifies in good faith that it is entitled to access such facilities under the unbundling standards set forth in the FCC's Order on Remand.  It agrees that in such cases, it is required to and intends to fulfill the order and only then "bring any dispute regarding access to that UNE before a state commission or other appropriate authority."  BellSouth correctly contends, however, that absent such certification, new orders for unbundled loops and transport are "not permitted."

    Accordingly, it is ordered that BellSouth's motion for summary judgment is granted.

    SO ORDERED this 27th day of April, 2006.

                                      /s/ Tom S. Lee
                                      UNITED STATES DISTRICT JUDGE

---

transport is virtually identical to that established for switching.